IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ANDY CHUNG**,

        Plaintiff,

        v.

**RADIO STATION FM 107.5 (FORMALLY 95.5)**, **ALL DJS**, **OWNER-CLEAR CHANNELS**, and **MANAGERS**,

        Defendants.

_____

**Civ. No. 6:14-cv-01485-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff, *pro se*, brings this motion to proceed *in forma pauperis*, ECF No. 2, and an action against Radio Station FM 107.5, unnamed disk jockeys (DJs), unnamed Managers, and Owner, Clear Channels, for various state law claims,[1] ECF No. 1.

    This Court may dismiss a claim *sua sponte* under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citations omitted). Likewise, if a plaintiff proceeds *in forma pauperis*, this Court is required to dismiss "the case at any time if the court determines that" the action or appeal is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Upon review, plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED, and plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

---

[1] Plaintiff alleges defamation and invasion of privacy (e.g., intrusion upon the seclusion of others and public disclosure of private facts). *See* Compl. 3, ECF No. 1.

1 – OPINION AND ORDER

## STANDARD OF REVIEW

"In civil rights cases where the plaintiff appears pro se, [this Court] must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citations omitted). This Court must give a *pro se* litigant "leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id*. (citations and internal quotation marks omitted). "Moreover, before dismissing a pro se civil rights complaint for failure to state a claim, [this Court] must give the plaintiff a statement of the complaint's deficiencies." *Id*.

## DISCUSSION

Plaintiff, in his complaint, seeks relief from alleged defamation and invasion of privacy (e.g., intrusion upon the seclusion of others and public disclosure of private facts). Compl. 3, ECF No. 1. Plaintiff asks this Court to award $ 25 billion dollars in compensatory damages and impose criminal penalties on all defendants. *Id*. at 5.

To survive this assessment under FRCP 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this standard, plaintiff's alleged facts must constitute "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court must assume that the allegations contained in the complaint are true. *Id*.

As an initial matter, this Court lacks subject matter jurisdiction over plaintiff's claims as currently articulated. This Court has original jurisdiction in two situations: (1) if a federal question is presented, i.e., if a "civil action[] arise[s] under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, and (2) if diversity jurisdiction exists, i.e., if the amount-in-

2 – OPINION AND ORDER

controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a), and there is "complete diversity between the parties," *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citation omitted).

Plaintiff, in his complaint, indicated that his claim was based on federal question jurisdiction. Compl. 2, ECF No. 1. Plaintiff's allegations, however, focus on defamation and invasion of privacy torts. Such claims stem from Oregon common law, not federal law. Thus, this Court lacks federal question jurisdiction over plaintiff's claims.

Plaintiff's allegations also do not give rise to diversity jurisdiction. Although the allegations clearly meet the amount-in-controversy requirement, there is not "complete diversity between the parties." To be completely diverse, "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d at 1234 (citation omitted). Plaintiff, an Oregon resident, listed all defendants as residing in Portland, Oregon. Compl. 2, ECF No. 1. Thus, this Court lacks diversity jurisdiction over plaintiff's claims.

In addition to plaintiff's jurisdictional problems, plaintiff's allegations are insufficient to state a claim under Oregon common law. To properly state a claim, plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). A claim for defamation, for example, requires a plaintiff to show that the defendant published[2] a defamatory statement about the plaintiff to a third party. *See Wallulis v. Dymowski*, 323 Or. 337, 342–43 (1996) (citations omitted). Likewise, a claim for invasion of privacy, at least if asserted as an intrusion upon the seclusion of others claim, requires a plaintiff to show that defendant "intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs." *Trout v. Umatilla Cnty. Sch.*

---

[2] "In general, a statement is published when it is communicated to a third party." *Wallulis*, 323 Or. at 343.

3 – OPINION AND ORDER

*Dist. UH3-Milton-Freewater (McLoughlin Union High Sch.)*, 77 Or. App. 95, 99–100 (1985) (quoting Restatement (Second) Torts § 625B (1977)). Because plaintiff's allegations do not meet either standard, his original complaint is insufficient to state a claim under defamation or invasion of privacy.

Accordingly, because (1) this Court lacks jurisdiction over the complaint and (2) plaintiff's allegations are insufficient to state a claim for relief, plaintiff's complaint is DISMISSED with leave to amend.

## CONCLUSION

For these reasons, plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED, and plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend. **Plaintiff is allowed 30 days from the date of this order to file an amended complaint curing the deficiencies identified above, including footnotes 2.**

IT IS SO ORDERED.

DATED this 24th day of September, 2014.

_____s/Michael J. McShane_____
**Michael J. McShane
United States District Judge**

4 – OPINION AND ORDER